IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DARIUS JOSHUA HATHAWAY,

        Plaintiff,

v.

J. VENDEVER, et al.,

        Defendants.

Case No. 2:18-cv-01413-SI

ORDER TO DISMISS

SIMON, District Judge.

Plaintiff, an inmate at the Eastern Oregon Correctional Institution ("EOCI"), brings this civil rights action pursuant to 42 U.S.C. § 1983. In a separate Order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. However, for the reasons set forth below, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2).

///

1 - ORDER TO DISMISS

## BACKGROUND

Plaintiff alleges that Defendants left a "metal crow" unsecured in a general population area of EOCI. He appears to allege that as a result, another inmate, upon finding the instrument, used it to hit Plaintiff in the back resulting in injury. Plaintiff asserts that this violates his Eighth Amendment right to be free from cruel and unusual punishment, and he seeks both declaratory relief and $100,000 in monetary damages.

## STANDARDS

Pursuant to 28 U.S.C. § 1915A(a), the Court is required to screen prisoner complaints seeking relief against a governmental entity, officer, or employee and must dismiss a complaint if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). In order to state a claim, Plaintiff's Complaint must contain sufficient factual matter which, when accepted as true, gives rise to a plausible inference that defendants violated plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556-57 (2007). "Threadbare recitals of the elements of a cause

2 - ORDER TO DISMISS

of action, supported by mere conclusory statements, do not suffice." *Id* at 678.

Dismissal for failure to state a claim is proper if it appears beyond doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Ortez v. Washington County*, 88 F.3d 804, 806 (9th Cir. 1996); *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). Because Plaintiff is proceeding *pro se*, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ortez*, 88 F.3d at 806.

## DISCUSSION

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citation omitted). The failure to protect inmates from attacks by other inmates may violate the Eighth Amendment when: (1) the deprivation alleged is "objectively, sufficiently serious;" and (2) the prison officials had a "sufficiently culpable state of mind," acting with deliberate indifference. *Id* at 834. "[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for

the very purpose of causing harm or with knowledge that harm will result." *Id* at 835.

In this case, Plaintiff alleges that Defendants "were deliberately indifferent . . . by leaving a metal crow unsecured in a general population area and failing to protect Plaintiff from being assaulted by another inmate." Complaint (#2), p. 3. Plaintiff's allegations suggest that one or more of the Defendants negligently failed to secure a crowbar at the prison, and that another inmate later discovered the unsecured crowbar and used it to assault Plaintiff. Although Plaintiff's Complaint contains a conclusory allegation of deliberate indifference, this is insufficient to state a valid claim for pleading purposes. *Iqbal*, 556 U.S. at 678. Where Plaintiff makes no allegations that any Defendant acted with a sufficiently culpable state of mind in failing to secure the crowbar and protect him from another inmate, he fails to state a valid Eighth Amendment claim.

In addition, a plaintiff "must plead that each . . . defendant, through the official's own individual actions, has violated the Constitution." *Id* at 676. In this case, none of Plaintiff's allegations are directed at any Defendant's individual actions. As a result, he fails to describe how any

named Defendant personally participated in the Eighth Amendment deprivation he pleads. For all of these reasons, the Complaint is dismissed for failure to state a claim upon which relief can be granted.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that Plaintiff's Complaint (#2) is DISMISSED for failure to state a claim. Should Plaintiff wish to proceed with this action, he must file an amended complaint curing the deficiencies noted above within 30 days of the date of this Order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice. In lieu of an Amended Complaint, Plaintiff may move to voluntarily dismiss this action, without prejudice.

IT IS SO ORDERED.

DATED this 4th day of September, 2018.

                                    Michael H. Simon
                                    United States District Judge